STATE OF INDIANA *v.* PATSEL.

[No. 29,743. Filed January 11, 1960.]

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, *Donald K. Travis,* Prosecuting Attorney, 72nd Judicial Circuit, and *Marshall F. Kizer,* Assistant Prosecuting Attorney, 72nd Judicial Circuit, for appellant.

*Galeman Dexter* and *Albert B. Chipman,* both of Plymouth, for appellee.

JACKSON, J.—This is an appeal by the State of Indiana from a judgment of the trial court in a criminal case, sustaining the appellee's motion for a directed verdict made at the close of the state's evidence and before any evidence was introduced on behalf of the appellee.

The appellee was charged by indictment in six counts, the first three of which charged the appellee with feloniously, falsely and fraudulently making, forging and counterfeiting a certain last will and testament purporting to have been made by one Amanda Harley; the last three of said counts charging the appellee with unlawfully, feloniously, fraudulently and knowingly uttering, publishing, offering and petitioning for probate in the Marshall Circuit Court of Marshall County, Indiana, a certain false, forged and counterfeit last will and testament purporting to have been made and executed by one Amanda Harley.

Thereafter the appellee filed his motion to quash all six counts of the indictment for the following reasons,

"(1) The facts stated in said indictment, and in each of the six counts thereof, separately and severally, do not constitute a public offense.

"(2) Said indictment and each of the six counts thereof separately and severally, does not state the offense charged with sufficient certainty."

The court overruled the appellee's motion as to counts one and four and sustained it as to counts two, three, five and six. Appellee thereupon waived arraignment and pleaded not guilty to counts one and four of the indictment.

The pertinent parts of the counts of the indictment to which the appellee pleaded and on which he stood trial read as follows, to-wit:

"Count One: . . . that Raymond Patsel, late of said County, on the First Day of May, 1957, at said County and State aforesaid, did then and there feloniously, falsely and fraudulently make, forge and counterfeit a certain Last Will and Testament purporting to have been made and executed by Amanda Harley, . . . with intent then and there and thereby feloniously, falsely and fraudulently to defraud the estate of Amanda Harley, Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

"Count Four: And the Grand Jurors aforesaid, upon their oaths aforesaid, for a fourth count do further present that Raymond Patsel, late of said County, on the 4th day of October, 1957, at said County and State aforesaid, did then and there unlawfully, feloniously, fraudulently and knowingly utter, publish, offer and petition for probate to the Marshall Circuit Court of Marshall County, State of Indiana, as true and genuine a certain false, forged and counterfeit last will and testament, said pretended last will and testament purporting to have been made and executed by one

Amanda Harley, . . . with intent then and there and thereby feloniously, falsely and fraudulently to defraud the estate of Amanda Harley, he, the said Raymond Patsel, then and there well knowing the said last will and testament to be false, forged and counterfeit, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The record discloses that Amanda Harley died on September 30, 1957, domiciled in and a resident of Marshall County, Indiana. That the petition for probate of her alleged will and issuance of letters testamentary was signed by Raymond Patsel, appellee, on October 4, 1957, and on the same day filed in the Marshall Circuit Court, whereupon said alleged will was in said court admitted to probate and record and letters testamentary ordered issued to appellee on his filing bond and qualifying as such executor, all of which was done on October 4, 1957.

Appellant's assignment of error contains four specifications, to-wit:

"1. That the court erred in directing a verdict for the defendant on Count No. One.

"2. That the Court erred in directing a verdict for the defendant on Count No. Four.

"3. That the Court erred in sustaining Appellee's Motion for a directed verdict on Count No. One.

"4. That the Court erred in sustaining Appellee's Motion for a directed verdict on Count No. Four."

The pertinent part of the statute authorizing the prosecution in this case, Acts 1905, ch. 169, §676, p. 584, being §10-2102, Burns' 1956 Replacement, reads as follows:

"Forgery.—Whoever falsely makes, . . . forges, counterfeits, . . . or causes to be falsely made,

. . . forged, counterfeited, . . . any . . . will . . . with intent to defraud any person, . . . or utters or publishes as true any such instrument or matter, knowing the same to be false, . . . forged, counterfeited, . . . with intent to defraud any person . . . shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]."

The evidence in this case is conflicting in that the subscribing witness at the time of the probate of decedent's will, testified among other things, that Amanda Harley signed the will in her presence. The State's evidence was that at the time of the alleged execution of the will the testatrix, by reason of illness, was not able to write or sign anything, that the will in question was prepared by the scrivener without consultation with the testatrix, that it was not delivered to testatrix, but to the executor named in the alleged will, that the executor named in the alleged will was in exclusive possession thereof for two weeks after said delivery to him, that the scrivener who prepared said will was employed by said executor and not the testatrix, that the conduct of the testatrix in requesting her granddaughter, on May 29, 1957, to make some notes as to the disposition of certain personal property to be incorporated as a codicil to a former will made several years previous to the alleged last will indicated that she had no knowledge of the making or execution of the will allegedly executed on May 1, 1957, that the testimony of a handwriting expert who examined known signatures of the testatrix and compared them with the signature appended to the alleged last will of testatrix was that testatrix' signature on the alleged will was not that of testatrix but was a forgery.

"It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict in favor of the accused in the trial of a criminal case can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. Where a determination of the issue involves the weight of the evidence or the credibility of witnesses, it is an invasion of the province of the jury for the court to direct a verdict. *State* v. *Kubiak* (1936), 210 Ind. 479, 4 N. E. 2d 193." *State* v. *Torphy* (1940), 217 Ind. 383, 388, 28 N. E. 2d 70.

The trial court erred in sustaining the defendant's motion for and directing a verdict of acquittal.

Bobbitt and Landis, JJ., concur.

Arterburn, C. J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 602.