STATE OF INDIANA v. CHARLES A. COX.

[No. 1-373A46. Filed June 27, 1973.]

*Theodore L. Sendak*, Attorney General and *Wesley T. Wilson*, Deputy Attorney General for appellant.

*Allyn, Knowles and Givens*, of Mount Vernon, for appellee.

ROBERTSON, P.J.—On June 1, 1972, defendant-appellee (Cox) was charged by amended affidavit with carrying a pistol

without a license in a motor vehicle. A trial by jury was had in the Posey Circuit Court, and at the close of the State's evidence the trial court, upon motion by Cox, directed the jury to enter a verdict of not guilty, which they did. The State thereafter filed a motion to correct errors and subsequently an amended motion to correct errors to both of which the trial court sustained a motion to strike on behalf of Cox. From the action of the trial court in striking the State's amended motion to correct errors and in directing the jury to find defendant not guilty, the State brings this appeal.

The State's amended motion to correct errors which the court struck reads as follows:

> "Wherefore, the State asks the Court to find its motion of directed verdict in favor of defendant and its directing jury to find the defendant not guilty was contrary to law since there was no essential element upon which there was a total lack of evidence, the State stipulating that a judgment in its favor does not allow a retrial of defendant since such retrial would be a violation of former jeopardy."

In his motion to strike, Cox contended, as he does on appeal, that the State's motion to correct errors "asks for relief which cannot be granted." The State urges on appeal that the motion to strike should not have been sustained because the relief sought in its amended motion to correct errors could have properly been granted and that the motion to correct errors was the only proper means by which to give the trial court an opportunity to correct its error before subjecting the parties to the expense and inconvenience of an appeal.

This case presents the unique situation where the State is seeking to appeal an adverse judgment in a criminal action. Such a situation is strictly regulated by statute, as found in IC 35-1-47-2, Ind. Ann. Stat. 9-2304 (Burns 1956 Repl.):

> "Appeals . . . may be taken by the state in the following cases:
>
> First. From a judgment for the defendant, on quashing or setting aside an indictment or affidavit, or sustaining a plea in abatement.

Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

Third. From a judgment of the court arresting judgment.

Fourth. Upon a question reserved by the state."

It would appear in this action that the State is seeking to appeal a reserved question of law under the fourth clause of Burns 9-2304. An appeal by the State on a reserved question of law is further controlled by IC 35-1-43-2, Ind. Ann. Stat. 9-2102 (Burns 1956 Repl.) which reads:

"The prosecuting attorney may except to any decision of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court. The bill of exceptions must state clearly so much of the record and proceedings as may be necessary for a fair statement of the question reserved. In case of the acquittal of the defendant, the prosecuting attorney may take the reserved case to the Supreme Court upon an appeal at any time within one year [90 days]. The Supreme Court is not authorized to reverse the judgment upon the correctness of the decision of the trial court. The opinion of the Supreme Court shall be binding upon the inferior courts and shall be a uniform rule of decision therein. When the decision of the trial court is decided to be erroneous, the appellee must pay the costs of the appeal." (The bracketed portion was inserted as a result of the old Supreme Court Rule 2.2.)

While the above statute requires the prosecuting attorney to except to an adverse ruling of the trial court in order to appeal a reserved question, formal exceptions have since been rendered unnecessary in civil cases by TR. 46, and likewise in criminal cases by CR. 6.

Prior to the enactment of our present rules of procedure in 1970 it was unnecessary for the State to file a motion for new trial in order to appeal a reserved question of law. *State* v. *Gilbert* (1966), 247 Ind. 544, 219 N.E. 2d 892, *State* v. *Moore* (1901), 27 Ind. App. 83, 60 N.E.2d 955. The proper procedure at that time was to except

to the adverse ruling and allege the ruling as error in the assignment of errors on appeal. The obvious reason why a motion for new trial was unnecessary or improper was that once acquitted the defendant could not be retried without violating constitutional principles of double jeopardy, and thus the motion sought relief which could not properly be granted. Under our present rules of procedure, however, a new trial is not the only relief available to an aggrieved party. By means of a motion to correct errors an aggrieved party may seek any appropriate relief without necessarily asking for a new trial or that the judgment be vacated. TR. 59(G). If the court refuses to correct the alleged error by overruling the motion, the overruled motion to correct errors then becomes the proper vehicle by which the party can initiate an appeal and eventually invoke jurisdiction of the appropriate appellate tribunal. As a matter of procedure, we are unable to find any logical or legal reason why a proper motion to correct errors should not be employed to pursue an appeal upon a reserved question of law. A hypothetical case might even be imagined where the trial court could correct an alleged error without, of course, violating principles of double jeopardy, and thus alleviate the need for an appeal.

In the instant case, it appears that the State in its motion to correct errors, challenged the directed verdict upon the only proper ground available, namely, that it was contrary to law. The State even stipulated in its motion that defendant could not be retried, which was unnecessary since having been acquitted he could not be retried whether the State stipulated to that fact or not. In conclusion on this issue, it is our opinion that the motion to correct errors was a proper motion and, as such, the court erred in striking it.

In determining the propriety of the trial court's action in instructing the jury to find Cox not guilty, we are guided by well established Indiana law on this matter. In *Nelson* v. *State* (1972), 259 Ind. 339, 287 N.E.2d 336, our Supreme Court

stated the rules pertaining to a directed verdict in a criminal action as follows:

> "A directed verdict of acquittal can only be given where there is a total lack of evidence on some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. *Bash* v. *State* (1970), 254 Ind. 671, 262 N.E.2d 386; *Hardin* v. *State* (1964), 246 Ind. 23, 201 N.E.2d 333, 202 N.E.2d 164; *Warren* v. *State* (1963), 243 Ind. 508, 188 N.E.2d 108; *State* v. *Patsel* (1960), 240 Ind. 240, 163 N.E.2d 602."

These rules were recently reiterated by this court in *State* v. *Overmyer* (1973), 155 Ind. App. 689, 294 N.E.2d 172.

We are of the opinion that in the instant case there was a total lack of evidence on an essential issue and therefore we believe the trial court properly directed a verdict of acquittal. The statute under which Cox was charged is IC 35-23-4-3, Ind. Ann. Stat. § 10-4736 (Burns 1956 Repl.), which reads:

> "No person shall carry a pistol in any vehicle or on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

An essential issue in this case under the above statute is whether or not Cox "carried" a pistol in a vehicle. According to the testimony of the arresting officer, a .22 caliber Browning automatic pistol was found in a tackle box in the trunk of Cox's automobile, which at the time of the search was parked adjacent to Cox's residence. There was no evidence, inferential or otherwise, that the vehicle had been driven or moved while the pistol was in it. While we are not prepared to say that locomotion must be proven in order to constitute the offense of "carrying" an unlicensed pistol in a vehicle, we, nonetheless, feel that as a minimum requirement the State must at least offer evidence from which the trier of fact could reasonably infer an intention to convey or transport the weapon from one place to another. Such an inference may be permissible where, for instance, there is evidence that

the vehicle was stopped along side a highway or at a traffic light. In this case, however, we are unable to find any evidence from which such an inference could be reasonably drawn.

Appeal sustained in part and dismissed in part.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 297 N.E.2d 920.