STATE OF INDIANA *v.* HOYT STONE.

[No. 1-1173A204. Filed May 28, 1974.]

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellant.

*Arthur Griffith,* of Evansville, for appellee.

ROBERTSON, P.J.—The plaintiff-appellant (State) is appealing from a directed verdict acquitting the defendant-appellee (Stone) of professional gambling.

The evidence reveals that Fields, a State Police Officer acting undercover, conducted an investigation of professional gambling in Vanderburgh County during April and May, 1972. As a part of that investigation Fields and an informant went to Stone's restaurant where they had a few drinks. One week later the pair returned to meet a man who was going to get them into a poker game located in a back room of the restaurant. When the three entered the room they were introduced to several people including Stone. Stone offered them free drinks. Subsequently they all bought chips from the dealer and commenced the game. The dealer took some chips from each pot and placed them in a cigar box. A new dealer came in several hours later with the former dealer leaving without taking or accounting for any chips from the cigar box. Fields decided to leave about 1:00 A.M. Stone counted Fields' chips, as did the dealer, then the dealer paid Fields $82. There was testimony that Stone owned the restaurant where the game took place.

At the conclusion of the State's case Stone moved for a mandatory instruction finding Stone not guilty. The motion was predicated on a lack of evidence showing Stone had accepted a fixed share of the poker game stakes. This is an essential element of the offense of professional gambling as

defined in IC 1971, 35-25-1-2, Ind. Ann. Stat. § 10-2330 (Burns Supp. 1973). Stone's motion was granted.

The sole issue is whether the trial court's action was contrary to law. For the reasons specified hereafter we are of the opinion that the trial court erred.

The applicable standard of review is:

"A directed verdict of acquittal can only be given where there is a total lack of evidence on some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. (Citing authorities)" *State* v. *Cox* (1973), 156 Ind. App. 548, 297 N.E.2d 920 at 923. *See also: State* v. *Overmyer* (1973), 155 Ind. App. 689, 294 N.E.2d 172.

Recognizing that professional gambling may be proven by circumstantial evidence (*Walker* v. *State* [1973], 155 Ind. App. 404, 293 N.E.2d 35) we believe that testimony showing that Stone owned the premises, that Stone provided free drinks for the players, that Stone was present for the entire game, that Stone counted Fields' chips, and that a share of each pot was collected by the dealers but not kept by them, supports an inference that the game was for Stone's personal gain or profit. We are of the opinion that the foregoing evidence was sufficient to make a prima facie case on the questioned essential element.

Appeal sustained.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 311 N.E.2d 446.