**William H. SMITH, Appellant (Plaintiff Below),**

v.

**Thomas A. BEASLEY, Director, Indiana State Personnel Department, and John T. Shettle, Superintendent, Indiana State Police Department, Appellees (Defendants Below).**

No. 49A04–8609–CV–279.

Court of Appeals of Indiana, Fourth District.

Feb. 10, 1987.

Thomas A. Withrow, B. Keith Shake, Henderson, Daily, Withrow & DeVoe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia S. Stanley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

CONOVER, Presiding Judge.

Plaintiff-Appellant William Smith (Smith) appeals the dismissal of his claim for increased salary benefits.

We affirm.

ISSUES

Smith presents four issues for our review. We find two issues to be dispositive of this case,

1. whether the trial court erred in dismissing Smith's amended complaint, and

2. whether the trial court erred in striking Smith's second amended complaint and change of venue request.

FACTS

On October 1, 1978, the State Police implemented a percentage pay increase for department members. The Career Development Merit Increase (CDMI) was to be granted to employees who had been at the top level within their job classification for more than one year, at the rate of 2% of the employee's salary for each such year, up to a maximum of an 8% increase in salary for each employee.

Smith was promoted from Trooper to Sergeant on June 11, 1978. Smith had been at the top of his Trooper job classification for at least four years prior to his promotion. Because of his promotion, Smith was not at the top of his job classification for at least one year, when the State implemented the CDMI on October 1. Smith claims the denial of his CDMI was without a rational basis and therefore unconstitutional.

On March 7, 1986, Smith filed suit for back pay, affirmative injunctive relief and attorney's fees. On April 14, 1986, the court granted defendant's motion to dismiss. Later, the court vacated the dismissal and agreed to reconsider the action. Smith filed an amended complaint on June

3, 1986. The court granted defendant's motion to dismiss on June 6, 1986. On June 16, 1986, Smith filed a motion for automatic change of venue and a second amended complaint. On the same day, the court struck the second amended complaint and the motion for automatic change of venue. Smith now appeals.

## DISCUSSION AND DECISION

Our standard of review of a dismissal under Trial Rule 12(B)(6) is well settled. The facts alleged in the complaint must be taken as true and only where it appears that under no set of facts could plaintiffs be granted relief is dismissal of the complaint appropriate. *Thiele, et al. v. Indiana Department of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

Here, the 12(B)(6) motion rested on the trial court's finding Smith failed to bring his suit within the two year statutory time period appropriate for such action and failed to fulfill the tort claims notification requirement.[1]

Smith contends his reduced earnings are a continuing wrong and the statute of limitations should run from when each paycheck was received. Under this theory, Smith would be able to recover for wages paid in the last two years and have future wages increased.

We agree Indiana follows the general rule where an obligation is payable in installments, the statute of limitations runs as to each installment as it becomes due. *Kuhn v. Kuhn* (1980), 273 Ind.App. 67, 402 N.E.2d 989, 992. This rule applies to each installment of wages due. *The Pennsylvania Co. v. Good* (1913), 56 Ind.App. 562, 103 N.E.2d 672, 673. However, we do not agree that a continuing wrong occurred here.

■ The instant case involves a one time paid percentage increase to officers. Smith does not allege CDMI is still in effect. Although the alleged wrong may have a present impact upon his salary, it is not a continuing wrong.

The U.S. Supreme Court faced a similar issue in *United Airline, Inc. v. Evans* (1977), 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571. Evans had been wrongfully discharged in 1968 from United under the company's policy of refusing to employ married female flight attendants. A sex discrimination suit was won by female flight attendants in 1971 and United changed its policies. Evans was not a party to this action. In 1972, Evans was rehired by United but was refused the seniority she had prior to her wrongful discharge in 1968. The court held in pertinent part,

> Respondent emphasizes the fact that she has alleged a *continuing* violation. United's seniority system does indeed have a continuing impact on her pay and fringe benefits. But the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. She has not alleged that the system discriminates against former female employees or that it treats former employees who were discharged for a discriminatory reason any differently from the former employees who resigned or were discharged for nondiscriminatory reason. In short, the system is neutral in its operation. (Emphasis in original).

*Supra,* 431 U.S. at 559, 97 S.Ct. at 1889.

Accordingly, the statute of limitations time period begins to run at the time the CDMI was put into effect by the State in 1978.

We find no error in the court's dismissing Smith's complaint.

Smith also contends the court erred in dismissing his second amended complaint and change of venue motion.

Smith contends the second amended complaint alleges he was under contract and therefore a 15 year statute of limitations applies. Reviewing the complaint we fail to find any allegation Smith was under contract with the State Police.

---

1. IC 34–1–2–1.5 and IC 34–4–16–1. While, we agree, Smith's letter falls within the requirements of the Tort Claims Act, we find it unnecessary to reach this issue in view of our holding concerning the statute of limitations issue.

The pertinent part of the complaint reads,

10. Plaintiff was incorrectly denied by all defendants the immediate supplemental percentage steps he had earned by being present at step "G" for more than one (1) year, in that the new salary plan provided him with contractual rights to supplemental percentage steps and had no specific requirement that the employee be *then* present at step "G" as of the implementation date, yet such a requirement was imposed by the defendants in violation of his contractual rights.

In short, Smith contends his contract rights stem from the implementation of the plan by State Police. He calls the rights contractual but does not say he was under contract with the State.

Under T.R. 12(F) "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike is proper for purposes of stripping a pleading of immaterial, impertinent, redundant matter or to strike out a sham pleading. *Finney v. L.S. Ayres & Co.* (1965) 137 Ind.App. 430, 207 N.E.2d 642.

■ Here, the second amended complaint was a groundless attempt to come within the court's jurisdiction. The court did not err in striking the second amended complaint.

Affirmed.

YOUNG and ROBERTSON, JJ., concur.