STATE of Indiana, Appellant–Plaintiff,

v.

Michael GRADISON, Appellee–
Defendant.

No. 49A02–0108–CR–509.

Court of Appeals of Indiana.

Nov. 30, 2001.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Michael K. Sutherlin, Joseph H. Merrick, Sutherlin & Betz, Indianapolis, IN, Attorneys for Appellee.

---

1. IND.CODE § 9–26–1–8.

## OPINION

BAILEY, Judge.

### Case Summary

The State appeals upon a reserved question of law pursuant to Indiana Code section 35–38–4–2(4) following the trial court's entry of judgment on the evidence in favor of defendant Michael Gradison on the State's charge of failure to stop and remain at the scene of an accident resulting in personal injury, a Class A misdemeanor.[1]

### Issue

The State presents the following restated issue for our review: whether the trial court erroneously granted Gradison's motion for judgment on the evidence under an improper interpretation of Indiana Code section 9–26–1–8.

### Facts and Procedural History

On June 23, 2000, Harold Lowery was driving a motor scooter in the westernmost of three crowded southbound lanes on Keystone Avenue in Indianapolis. Mr. Lowery's wife, Phyllis Lowery, was a passenger on the scooter behind Mr. Lowery. The lane in which the Lowerys were traveling was partially blocked by a parked delivery truck. Mr. Lowery brought the scooter to a stop as it approached the truck. At the same time, the traffic in the other two southbound lanes halted for a traffic light, and Gradison's vehicle stopped in the center lane next to the parked delivery truck. Mr. Lowery saw that there was some space between the side of the parked truck and the boundary of his lane, and negotiated the scooter around the truck. According to a police officer that spoke with Gradison later, Gradison was outraged at Mr. Lowery's driving, and called him a "blithering idiot." As the scooter was clearing the front of the

truck, Gradison's vehicle unexpectedly and sharply crossed into the Lowery's line of travel from their left, striking the scooter and Mrs. Lowery's arm. Mr. Lowery was able to drive the scooter into the adjacent parking lot, and he signaled for Gradison, who had not yet proceeded south with the rest of the traffic, to pull his vehicle in. Gradison eventually complied, and parked near the scooter. Mr. Lowery approached Gradison's vehicle and asked Gradison to produce his insurance card. As Gradison was reaching for his glove-box, Mr. Lowery noticed his wife clutching her arm, so he returned to inquire about her well-being. Gradison took the opportunity to go on his way, and left the parking lot while Mr. Lowery was not looking. The Lowerys chased Gradison until his vehicle came to stop at an intersection. Mr. Lowery attempted to speak with Gradison, but Gradison responded by smirking or glaring at him, and again drove off. The Lowerys continued the chase and caught Gradison at another intersection. Gradison again refused to speak with the Lowerys and drove away. The Lowerys reported the incident to the police. Mrs. Lowery subsequently sought medical treatment for her injured arm.

On August 7, 2000, the State charged Gradison with failure to stop and remain at the scene of an accident resulting in personal injury, a Class A misdemeanor.[2] A jury trial commenced on March 20, 2001. After the State rested, Gradison moved for judgment on the evidence pursuant to Trial Rule 50. The trial court granted the motion and discharged Gradison. The State appeals.

### Discussion and Decision

#### A. Standard of Review

 The State may appeal from criminal proceedings only when authorized by statute. *State v. Aynes*, 715 N.E.2d 945, 948 (Ind.Ct.App.1999). Here, the State appeals the trial court's grant of Gradison's motion for judgment on the evidence pursuant to Indiana Code section 35–38–4–2(4), which permits an appeal "[u]pon a question reserved by the state, if the defendant is acquitted." The purpose of this statute is to permit the State to obtain legal opinions that will provide guidance for lower courts in similar future cases. *State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind.1987). Thus, we will not review factual determinations, and will only address questions of law. *Id.* We review questions of law de novo, and owe no deference to the trial court's legal conclusions. *Kibbey v. State*, 733 N.E.2d 991, 995 (Ind.Ct.App. 2000).

#### B. Analysis

Indiana Code section 9–26–1–1 provides in part as follows:

The driver of a vehicle involved in an accident that results in the injury or death of a person shall do the following:

(1) Immediately stop the vehicle at the scene of the accident or as close to the accident as possible in a manner that does not obstruct traffic more than is necessary.

(2) Immediately return to and remain at the scene of the accident until the driver does the following:

(A) Gives the driver's name and address and the registration number of the vehicle the driver was driving.

(B) Upon request, exhibits the driver's license of the driver to the following:

(i) The person struck.

---

**2.** IND.CODE § 9–26–1–8.

(ii) The driver or occupant of or person attending each vehicle involved in the accident.

(C) Determines the need for and renders reasonable assistance to each person injured in the accident, including the removal or the making of arrangements for the removal of each injured person to a physician or hospital for medical treatment.

Pursuant to Indiana Code section 9–26–1–8, "[a] person who fails to stop or comply with section 1(1) or 1(2) of this chapter after causing injury to a person commits a Class A misdemeanor." After the State rested, Gradison moved for judgment on the evidence, claiming that the State failed to produce any evidence that he knew or should have known that there had been an accident that caused injury. The trial court agreed. Citing the low speed of the impact, the fact that the scooter was not knocked over by the larger car, the fact that the Lowerys did not specifically advise Gradison that Mrs. Lowery had been injured, and the fact that the Lowerys were able to chase Gradison for some time after the initial collision, the trial court concluded that the State failed to establish a prima facie case that Gradison knew or should have known that the accident resulted in injury to anyone.

■ The State argues that the trial court incorrectly demanded proof that Gradison had actual knowledge of an injury. A driver's knowledge of the fact that an accident with injury has occurred is a necessary element of the proof in a prosecution under Indiana Code section 9–26–1–8. *See Micinski v. State*, 487 N.E.2d 150, 152–53 (Ind.1986) (construing substantially similar predecessor statute). The driver need not, however, have actual knowledge that an accident has resulted in injury to be convicted under the statute. *Id.* at 153. Such a requirement would "make it virtu-

ally impossible to prove up a case of 'hit-and-run' and 'would reward the callous who refuse to stop and investigate.'" *Id.* (quoting *Micinski v. State*, 479 N.E.2d 632, 636 (Ind.Ct.App.1985), *vacated on transfer by Micinski*, 487 N.E.2d 150). Rather, "[w]here conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury to a person, the requisite proof of knowledge is present." *Id.* According to the State, the evidence at trial gave rise to the inference that Gradison should have known or reasonably anticipated that his collision with the Lowerys resulted in personal injury, and the trial court accordingly erred by entering judgment on the evidence.

■ Gradison challenges our authority to consider this appeal, arguing that the State has failed to raise any reserved questions of law, and that this appeal is not well taken under Indiana Code section 35–38–4–2(4). We disagree. The State's claim that the trial court erroneously required proof of actual knowledge to establish a prima facie case under the failure to stop statute is plainly a question of law. Moreover, the question whether the trial court should have granted Gradison's motion for judgment on the evidence is similarly a legal, rather than factual, matter. *See State v. Hill*, 688 N.E.2d 1280, 1281 (Ind.Ct.App.1997) (addressing, as a properly reserved legal issue under Indiana Code section 35–38–4–2(4), the State's claim that the evidence supported the inference of the defendant's guilt and that the trial court improperly granted the defendant's motion for judgment on the evidence). This is because the grant of a motion for judgment on the evidence constitutes a trial court's determination that the evidence presented is not sufficient, as a matter of law, to establish a defendant's

guilt. *See State v. Lewis,* 543 N.E.2d 1116, 1117 (Ind.1989) (referring to the entry of judgment on the evidence as " 'a judgment that the evidence is legally insufficient to sustain a guilty verdict....' " (quoting *Smalis v. Pennsylvania,* 476 U.S. 140, 142, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), and recognizing, in State's appeal, that the trial court's entry of judgment on the evidence was erroneous)). We may therefore address the State's properly reserved legal issues.

■ There is no indication in the trial court's oral ruling on Gradison's motion for judgment on the evidence that the court improperly required the State to prove Gradison's actual knowledge of Mrs. Lowery's injury. The trial court delivered its ruling as follows:

> Okay, the Court finds as follows: we have here as the facts show that they were involved in a low impact evidence. [sic] The evidence is that it went any where [sic] from two—(2) to five—(5) miles per hour. There may or may not have been contact based upon the evidence. The Lowery's [sic] pull up to a parking lot and as the evidence would show they then summons [sic] Mr. Gradison. Mr. Gradison pulls up into the lot. Mr. Lowery gets off of the motor scooter and addresses him. Mr. Lowery's testimony is clear, unequivocally clear that he did not tell him that Mrs. Lowery was injured because he unequivocally testified that he didn't know she was injured. He then walked back to the motor scooter where his wife was. Mrs. Lowery testified unequivocally that she did not tell her husband, Mr. Lowery, that she was injured from the time that the alleged impact occurred to the time they pull up into the parking lot. Mr. Lowery said that when he walked back to his wife the black Nissan disappeared basically into thin air. Mrs.

> Lowery's testimony differed a bit from that. She said that he drove off and she in fact described what driveway he took off through and that is what the court considers that it seems to be.... Lets [sic] talk about should have reasonably anticipated. Again we have a low impact accident here if in fact there was an accident. The testimony is clear that the scooter continued to move forward and in fact went into this parking lot. So we don't have an accident here where the scooter fell over or that it was at all obvious that someone was injured. In fact if we accept the testimony of Mr. and Mrs. Lowery they were back on that scooter trying to find Mr. Gradison and to catch up with him.... So the Court finds that the State has failed to prove it's [sic] prima facia [sic] case of the element that he knew or should have known or reasonably anticipated that the accident had resulted in injury to a person. For that reason, the Court grants the Defense's motion.

(App.93–95.) The trial court appropriately acknowledged that the State could have established Gradison's knowledge with evidence that he should have reasonably anticipated that Mrs. Lowery had been injured in the accident, but concluded that such evidence was lacking. There is no indication that the trial court improperly interpreted Indiana Code section 9–26–1–8.

■ While the trial court appears to have correctly identified the standard of proof required to sustain a conviction under the failure to stop statute, the court should not have entered judgment on the evidence for Gradison. Motions for judgment on the evidence are governed by Trial Rule 50(A), which provides that "[w]here all or some of the issues in a case tried before a jury ... are not supported by sufficient evidence ... the court shall

withdraw such issues from the jury and enter judgment thereon." In criminal cases, a trial court should not grant a defendant's motion for judgment on the evidence unless there is a total absence of evidence on some essential issue or if the evidence is without conflict and is susceptible to only one inference, favorable to the defendant. *Hill*, 688 N.E.2d at 1281. Under no circumstances may a trial court considering a criminal defendant's motion for judgment weigh the evidence or the credibility of witnesses.[3] *Id.* If there is evidence of each element of the crime charged, or if there are at least inconsistent possible inferences, the motion must be denied. *Id.*

The evidence recounted above supports the inference that Gradison should have reasonably anticipated that the accident caused injury to at least one of the Lowerys. The Lowerys testified that they were passing a stopped delivery truck when Gradison's vehicle suddenly crossed into their lane of travel, striking them. A police officer testified that Gradison subsequently acknowledged that he saw the Lowerys attempting to pass the truck, and that he was outraged at the maneuver. Gradison no doubt disputes the version of events presented in the State's case in chief, and the jury could have rejected the State's evidence. Nevertheless, the evidence supported the inference that Gradison intentionally directed his vehicle into the path of the Lowerys' scooter out of his sense of outrage at Mr. Lowery's driving. Indeed, given Gradison's awareness of the location of the scooter and the Lowerys' testimony about the sudden lunging of Gradison's vehicle, there appear to be few other inferences that could have been drawn. Further, the evidence presented in the State's case in chief showed that Gradison was operating an automobile when he collided with the Lowerys, who were riding on a small motor scooter. A jury could reasonably infer that a driver who engineers a collision between an automobile and a motor scooter should know or at least should reasonably anticipate that the accident he caused has resulted in some personal injury, even if the driver does not knock the scooter down or produce more obviously catastrophic damage. To hold otherwise would be to disregard our Supreme Court's admonition to reject readings of the failure to stop statute that reward "the callous who refuse to stop and investigate." *Micinski*, 487 N.E.2d at 153. Thus, because there was evidence presented at trial supporting the inference that Gradison should have known or should have reasonably anticipated that an accident occurred and resulted in injury to a person, the trial court should not have entered judgment on the evidence. Rather, the case should have been submitted to the jury.

While we conclude that the trial court's ruling was erroneous, we may not, as the State acknowledges, remand for retrial. A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy pur-

---

3. The trial court's judgment indicates that the court misapplied this standard by weighing the evidence as well as the credibility of witnesses. For example, the trial court stated that "[t]here may or may not have been contact based upon the evidence." (App.93.) The court further stated, "[a]gain we have a low impact accident here if in fact there was an accident." (App.94.) The Lowerys testified that there was an accident, and that Mrs. Lowery was struck by Gradison's vehicle. The trial court was obligated to accept this evidence when ruling on Gradison's motion, and to the extent the trial court entered judgment for Gradison based on the impermissible rejection of the Lowery's testimony, the court erred.

poses, and any retrial would violate Gradison's rights under the Double Jeopardy Clause. *Goodrich,* 504 N.E.2d at 1024.

Judgment reversed.

KIRSCH, J., and BROOK, J., concur.