STATE of Indiana, Appellant–Plaintiff,

v.

Orval CASADA, Appellee–Defendant.

No. 18A02–0407–CR–597.

Court of Appeals of Indiana.

April 22, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Louis W. Denney, Muncie, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

After a jury found Orval Casada guilty of failure to register as a sex offender,[1] a Class D felony, the trial court found *sua sponte* "the State of Indiana has failed to allege and prove the Defendant knowingly or intentionally violated the relevant registration statute." (App. at 81.) The court then entered a judgment of acquittal, from which the State appeals.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Casada was convicted of child molesting as a Class C felony and was placed on probation after he was released from prison. One of the conditions of his probation was that he register as a sex offender with each local law enforcement authority in an area where he intended to reside for more than seven days.

Casada experienced some difficulty in finding places to live. He moved from Delaware County to Madison County and back several times. In January 2004, Casada notified Deputy Steve Case that he was moving back to an address in Delaware County. Deputy Case sent a verification letter to that address for Casada to fill out and send back, but the deputy never received a completed copy. On the morning of January 14, 2004, Deputy Case learned Casada was living at 705 N. State Street. When Deputy Case arrived and knocked at the door, Casada answered the door wearing a T-shirt, shorts and no shoes. Casada admitted he was staying at the residence and had been there for more than seven days.

Casada was charged with failure to register as a sex offender as a Class D felony. The charging information was amended several times. Casada and the State offered two plea agreements, but the trial court rejected both. On July 6, 2004, a jury found Casada guilty of failure to register as a sex offender. The trial judge accepted the verdict and deferred judgment of conviction until the sentencing hearing. On July 7, 2004, the trial court on its own motion granted judgment on the evidence pursuant to Ind. Trial Rule 50(A)(6) and entered a judgment of acquittal.

## DISCUSSION AND DECISION

T.R. 50(A)(6) provides:

The trial court upon its own motion may enter such a judgment on the evidence at any time before final judgment, or before the filing of a notice of appeal, or, if a Motion to Correct Error is made, at any time before entering its order or ruling thereon.

A judgment on the evidence is appropriate only if there is a total absence of evidence as to the guilt of the accused or where

---

1. Ind.Code § 5–2–12–9.

there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *Wilcox v. State,* 664 N.E.2d 379, 382 (Ind.Ct.App.1996); T.R. 50. A defense motion for judgment on the evidence will not be granted if the State presents a *prima facie* case. *Wilcox,* 664 N.E.2d at 382.

■ On appeal, we use the same standard of review as the trial court in determining the propriety of a judgment on the evidence. *Lutheran Hosp. of Fort Wayne, Inc. v. Doe,* 639 N.E.2d 687, 692 (Ind.Ct. App.1994), *trans. denied.* When the trial court considers entering judgment on the evidence, it must view the evidence in a light most favorable to the party against whom judgment on the evidence would be entered. *Id.* Judgment may be entered only where there is no substantial evidence or reasonable inference to be drawn therefrom to support an essential element of the claim. *Id.*

The trial court entered judgment on the evidence as follows:

The Court, on its own motion and in accordance with Trial Rule 50(A)(6), now Finds as follows:

### FINDINGS OF FACT

1. Following the presentation of the case-in-chief by the State of Indiana, Defendant moved the Court for Judgment on the Evidence. Defendant's Motion was Denied.

2. Subsequently, a jury returned its verdict finding Defendant guilty of the offense of Failure to Register as a Sex Offender, class D felony. The Court deferred entering judgment until sentencing hearing.

3. The relevant statute provides as follows: "An offender who *knowingly* or *intentionally* fails to complete and submit a new registration form to the Sher-iff with whom the offender last registered not more than seven (7) days after changing his home address commits Failure to Register as a Sex offender, a class D felony." (Emphasis added)

4. The State of Indiana failed to allege that Defendant *knowingly* or *intentionally* violated the relevant statutes. In fact in the original information and in both subsequent amendments, no allegation of knowing or intentional conduct was made by the State of Indiana as required by statute.

5. I.C. 35–34–1–2 provides the Information shall allege the *elements* of the offense.

6. I.C. 35–34–1–6 provides an Information shall be dismissed upon motion when it is defective. Counsel for Defendant failed to move for dismissal based upon a defective Information.

7. Counsel for Defendant did move for Judgment on the Evidence at the close of the State's case-in-chief, however the motion did not challenge lack of evidence upon the necessary mens rea elements. The Court Denied Defendant's Motion for Judgment on the evidence at that time.

8. Trial Rule 50(A)(6) provides the Trial Court, upon its own motion, may enter Judgment on the Evidence at any time before final judgment, or before the filing of a notice of appeal. Trial Rule 50(B) provides that every case tried by a jury is made subject to the right of the Court, before or after the jury is discharged, to enter final judgment on the evidence.

9. The State of Indiana failed to properly charge and prove a knowing or intentional violation of the relevant statute.

## CONCLUSION OF LAW

1. A Judgment on the Evidence is proper if there is a total absence of evidence on some essential element. *State v. Barnack* 453 NE 2nd 348 ( [Ind.Ct.App.] 1983).

2. The Trial Court may enter Judgment on the Evidence on its own motion pursuant to Trial Rule 50(6)[sic] if there is a total lack of evidence on an essential element of the charged offense. *Bevill v. State* 472 NE 2nd 1247 ( [Ind.] 1985) [*reh'g denied*]. *State v. Gradison* 758 NE 2nd 1008 ( [Ind.Ct.App.] 2001).

3. A Judgment on the Evidence in a jury trial has the effect of an acquittal if the substance of the ruling represents a resolution of some or all of the factual elements of the offense. *Williams v. State* 634 NE 2nd 849 ( [Ind.Ct.App.] 1994).

4. As a matter of law, the Court concludes the State of Indiana has failed to allege and prove the Defendant knowingly or intentionally violated the relevant registration statute.

## JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Judgment of Not Guilty (Acquittal) is now entered in favor of Defendant, Orval M. Casada, and against the State of Indiana.

(App. at 79–81.)

■ There is no question the Information did not include the words "knowingly or intentionally" in its allegation Casada violated the registration statute. However, as Casada did not object, any allegation of error arising out of that violation is waived. *Lampitok v. State*, 817 N.E.2d 630, 636 (Ind.Ct.App.2004), *reh'g denied, trans. denied.* Rather, the question before us is whether, based on the evidence before the jury and the jury in-

structions, the State proved Casada knowingly or intentionally failed to register as a sex offender.

The jury was instructed before trial that "[a]n offender who *knowingly or intentionally* fails to register under this chapter or who fails to complete and submit a new registration form upon a change of address commits a Class D felony." (App. at 64.) (Emphasis supplied.) In the final instructions, the jury was instructed the State had to prove "each of the following beyond a reasonable doubt:"

The Defendant;

1. is an offender who is required to register as a sex offender;

2. *knowingly* failed to register with the Delaware County Sheriff's Department or the Madison County Sheriff's Department;

3. within seven (7) days of changing his address to Muncie, Delaware County, Indiana;

4. and this occurred in Delaware County, Indiana.

(*Id.* at 47.) (Emphasis supplied.)

Officer Case testified Casada was aware he had to register: "He told me he'd been staying there for a while. That he knew he, he should have, should have told us. . . . [T]hat he should have let me know." (Tr. at 100.)

■ A judgment on the evidence reflects a trial court's determination the evidence presented is not sufficient, as a matter of law, to establish a defendant's guilt. *See State v. Lewis*, 543 N.E.2d 1116, 1117 (Ind.1989) (characterizing the entry of judgment on the evidence as "a judgment that the evidence is legally insufficient to sustain a guilty verdict").

■ A trial court should not grant a criminal defendant's motion for judgment on the evidence unless there is a total absence of evidence on some essential issue or if the evidence is without conflict

and is susceptible to only one inference that is favorable to the defendant. *State v. Gradison*, 758 N.E.2d 1008, 1013 (Ind.Ct. App.2001). Under no circumstances may a trial court considering a criminal defendant's motion weigh the evidence or the credibility of witnesses. *Id.* If there is evidence of each element of the crime charged, or if there are at least inconsistent possible inferences, the motion must be denied. *Id.* We believe the same standard should apply to judgments on the evidence issued on the court's own motion.

The State provided evidence Casada knowingly violated the registration statute. Casada admitted to Deputy Case that he knew he should have reported his address, but did not. The jury was properly instructed, on two occasions, as to the elements of the crime. Even though the State improperly charged Casada, that allegation of error was waived. As a result, the trial court erred in granting judgment on the evidence in favor of Casada.

■ Despite the erroneous judgment on the evidence for Casada, he cannot be retried because an erroneous entry of acquittal by the trial court acts as an acquittal for double jeopardy purposes. *See Gradison*, 758 N.E.2d at 1013 (even though trial court erred when it found the evidence insufficient to support a guilty verdict, the erroneous entry of acquittal was an acquittal for double jeopardy purposes).

■ The State argues, without citation to authority, that this principle applies only to acquittals based on insufficient evidence. We decline to so limit the double jeopardy protections. As we noted in *Williams v. State*, 634 N.E.2d 849, 852 (Ind.Ct.App.1994):

> A judgment of acquittal is especial in the jurisprudence of the Double Jeopardy Clause. Even where an acquittal is "based upon an egregiously erroneous foundation," a defendant may not be retried for the same offense. *Sanabria v. United States* (1978), 437 U.S. 54, 65, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43. Indeed, historically, "the most fundamental rule" has been that "[a] verdict of acquittal ... [may] not [even] be reviewed ... without putting [the defendant] twice in jeopardy and thereby violating the Constitution." *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642.

We further note that the trial court's judgment was explicitly premised at least in part on insufficient evidence.[2] The court concluded it could enter judgment on the evidence on its own motion if "there is a total lack of evidence on an essential element of the charged offense," (App. at 81), and found the State had "failed to allege *and prove*" Casada knowingly and intentionally violated the statute. (*Id.*) Even if the foundation for the acquittal was "egregiously erroneous" in light of the evidence the State presented, *Sanabria*, 437 U.S. at 65, 98 S.Ct. 2170, Casada may not be retried on this charge.

Reversed.

DARDEN, J., and BARNES, J., concur.

---

**2.** We accordingly decline to order the jury's verdict reinstated on the ground no new factfinding is necessary. *See Arizona v. Rumsey*, 467 U.S. 203, 211–12, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (suggesting in *dictum* an appellate court could simply order a jury's guilty verdict reinstated without creating a double jeopardy problem when no new factfinding would be necessary). Nor do we express an opinion whether this statement by the *Rumsey* court is inconsistent with our own jurisprudence on this question as expressed in *Wilson*.