**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN J. MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LONDALE D. MADISON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1203-CR-109 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-1107-FC-148

**August 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Londale D. Madison appeals his conviction for burglary, as a Class C felony, following a jury trial. Madison raises a single issue for our review, which we restate as whether the trial court properly denied Madison's motion for judgment on the evidence.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Sometime prior to July 10, 2011, a Boost Mobile store in South Bend replaced a large glass window, which had been broken, with a sheet of plywood. At the close of business on July 9, 2011, the plywood was intact. Early in the morning of July 10, the business's security system alerted the South Bend Police Department to a possible break-in.

Officer Jonathan Gray responded within three minutes. He observed damage to the lower left-hand corner of the plywood. In particular, he noticed a two- to three-foot hole in the plywood, which Officer Gray recognized as big enough for someone to enter the store. Officer Gray then called for assistance, and he and another officer eventually found Madison hiding inside the store with a Boost Mobile phone in his possession.

On July 11, the State charged Madison with burglary, as a Class C felony. The trial court held Madison's jury trial in January of 2012. After the State rested its case, Madison moved for a judgment on the evidence, which the court denied. Madison then rested without presenting any evidence in his defense. The jury found him guilty as charged and the court entered judgment and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

Madison contends that the trial court erroneously denied his motion for judgment on the evidence because the State had failed to prove he committed burglary, as a Class C felony. As this court has explained:

> It is thoroughly settled in Indiana that a trial court may grant a motion for a judgment on the evidence only "where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused." State v. Patsel, 240 Ind. 240, 245, 163 N.E.2d 602, 604 (1960). See also State v. Casada, 825 N.E.2d 936, 937-938 (Ind. Ct. App. 2005). On appeal, we use the same standard of review as the trial court in determining the propriety of a judgment on the evidence. Id. at 937 (citation omitted).
>
> "When the trial court considers entering judgment on the evidence, it must view the evidence in a light most favorable to the party against whom judgment on the evidence would be entered." Id. A trial court may not invade the province of the jury by weighing the evidence presented or the credibility of witnesses. Patsel, 163 N.E.2d at 604. In fact, our Supreme Court has held that a trial court is "not authorized under Trial Rule 50, in a criminal case, to consider whether the evidence presented could be viewed by a reasonable jury as constituting proof beyond a reasonable doubt." State v. Goodrich, 504 N.E.2d 1023, 1024 (Ind. 1987).

State v. Taylor, 863 N.E.2d 917, 919 (Ind. Ct. App. 2007). Ultimately, "if the evidence is sufficient to support a conviction on appeal, then the trial court's denial of a Motion for a Directed Verdict cannot be in error." Huber v. State, 805 N.E.2d 887, 890 (Ind. Ct. App. 2004).

To prove burglary, as a Class C felony, the State was required to show beyond a reasonable doubt that Madison broke and entered the building of another person with intent to commit a felony in it. Ind. Code § 35-43-2-1. Madison's sole contention on appeal is that the State failed to present evidence of "an essential element of the crime of

3

burglary, namely[,] that he broke something to get in[side]" the store. Appellant's Brief at 9. Madison maintains that, in light of that alleged failure of proof, the trial court erred when it did not grant his motion for a judgment on the evidence. We cannot agree.

It is well established that the State may demonstrate the requisite "breaking" required for burglary by showing that "even the slightest force" was used to gain unauthorized entry. Hall v. State, 870 N.E.2d 449, 463 (Ind. Ct. App. 2007) (quotation omitted), trans. denied. The evidence most favorable to the State here shows the following: at the close of business on July 9, the plywood was in place and intact; in the early morning hours, the building's alarm system alerted police to a possible break-in; almost immediately, Officer Gray arrived on the scene and observed the broken plywood; and, shortly thereafter, Officer Gray discovered Madison inside the business.

The State's evidence, while circumstantial, was sufficient for a reasonable jury to conclude that Madison broke the plywood to gain entry to the business. Accordingly, the trial court properly denied Madison's motion for a judgment on the evidence. Madison's contention on appeal amounts to a request to reweigh the evidence, which we will not do.

Affirmed.

KIRSCH, J., and MAY, J., concur.