
FILED

Oct 09 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JON E. GARCIA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1202-CR-257 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-0912-FC-807

**October 9, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jon Garcia appeals his conviction for Class C felony criminal recklessness. We affirm.

## Issue

Garcia raises one issue, which we restate as whether the trial court properly denied his motion for a directed verdict.

## Facts

Garcia and Eduardo Salazar were both members of the Vatos Locos gang until Salazar defected. On October 24, 2009, Salazar and his uncle were in a car driving in downtown Goshen. While they were stopped at an intersection, a vehicle drove up beside them. Garcia was in the passenger seat and fired multiple bullets into Salazar's vehicle.

The State charged Garcia with Class C felony criminal recklessness and two counts of Class D felony criminal recklessness. After the presentation of evidence at Garcia's jury trial, his counsel moved for a directed verdict on the Class C felony criminal recklessness charge.[1] His counsel argued that the vehicle was not a "place where people are likely to gather" as required under the criminal recklessness statute. Tr. p. 390. The trial court denied Garcia's motion for a directed verdict. The jury then found Garcia guilty as charged. The trial court entered judgment of conviction for Class C felony criminal recklessness and one count of Class D felony criminal recklessness. The trial court sentenced Garcia to an aggregate sentence of ten years with two years suspended to probation. Garcia now appeals.

---

[1] Garcia did not appear at the trial.

**Analysis**

Garcia argues that the trial court erred when it denied his motion for directed verdict on the Class C felony criminal recklessness charge. Indiana Trial Rule 50(A) governs motions for directed verdict, which are also called motions for judgment on the evidence, and provides:

> Where all or some of the issues in a case tried before a jury . . . are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

When a defendant moves for judgment on the evidence, the court is required to withdraw the issues from the jury if: (1) the record is devoid of evidence on one or more elements of the offense; or (2) the evidence presented is without conflict and subject to only one inference, which is favorable to the defendant. Ind. Trial Rule 50(A); <u>Farris v. State</u>, 753 N.E.2d 641, 647 (Ind. 2001).

On appeal, we use the same standard of review as the trial court in determining the propriety of a judgment on the evidence. <u>State v. Taylor</u>, 863 N.E.2d 917, 919 (Ind. Ct. App. 2007). "When the trial court considers entering judgment on the evidence, it must view the evidence in a light most favorable to the party against whom judgment on the evidence would be entered." <u>Id.</u> A trial court may not invade the province of the jury by weighing the evidence presented or the credibility of witnesses. <u>Id.</u> A trial court is "'not authorized under Trial Rule 50, in a criminal case, to consider whether the evidence presented could be viewed by a reasonable jury as constituting proof beyond a reasonable

3

doubt.'" Id. (quoting State v. Goodrich, 504 N.E.2d 1023, 1024 (Ind. 1987)). A defendant's motion for judgment on the evidence should not be granted if the State presents a prima facie case. Id. at 920.

Indiana Code Section 35-42-2-2(b) provides that "[a] person who recklessly, knowingly, or intentionally performs . . . an act that creates a substantial risk of bodily injury to another person . . . commits criminal recklessness." The offense is a Class C felony if "it is committed by shooting a firearm into an inhabited dwelling or other building or place where people are likely to gather." I.C. § 35-42-2-2(c)(3)(A). The State alleged in the charging information that the "occupied motor vehicle" was a place where people were likely to gather. App. p. 102. On appeal, Garcia argues that a vehicle is not a "place" and that, even if it is a "place," it is not a "place where people are likely to gather."

The interpretation of a statute is a question of law reserved for the courts. Scalpelli v. State, 827 N.E.2d 1193, 1196 (Ind. Ct. App. 2005), trans. denied. "A statute whose language is clear and unambiguous is not subject to judicial interpretation." Id. "If, however, the statute is ambiguous, the court must determine the legislative intent and interpret the statute accordingly." Id. "To determine legislative intent, we look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech." Id.

The statute at issue does not define a "place where people are likely to gather," and our courts have not had the opportunity to address this issue. I.C. § 35-42-2-2. The word "place" has a broad definition, including "[a] bounded area; a portion of space,"

4

"[a] building or an area set aside for a specified purpose," and "[a] space in which one person, such as a passenger, can sit or stand." AMERICAN HERITAGE COLLEGE DICTIONARY 1043 (3rd ed. 2000). Nothing in the common ordinary meaning of "place" would seem to exclude a vehicle as a "place."

In support of his argument, Garcia notes that Indiana Code Section 35-48-4-13, which addresses the offenses of visiting or maintaining a common nuisance, refers to "a building, structure, vehicle, or other place." Garcia argues that, based on that statutory language, the legislature does not intend to include a vehicle as a place. The State correctly notes that Indiana Code Section 35-48-4-13 "actually shows the opposite" because a "'vehicle' is listed along with 'building,' 'structure,' 'or *other place*,' indicating that a vehicle is also a place." Appellee's Br. p. 6.

We conclude that a vehicle can be a "place" as contemplated by the criminal recklessness statute. Further, we have no difficulty holding that a vehicle can be a "place where people are likely to gather." A vehicle, which can transport people, is clearly a location where people could congregate and gather. We conclude that, under Indiana Code Section 35-42-2-2, a vehicle can be unambiguously included as a "place where people are likely to gather." As a result, the trial court properly denied Garcia's motion for directed verdict.

**Conclusion**

The trial court properly denied Garcia's motion for directed verdict. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.

5