# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BRYAN LEE CIYOU**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 29 2013, 9:26 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN ALDEN,                                )
                                           )
    Appellant-Defendant,               )
                                           )
        vs.                          )    No. 30A01-1209-CR-412
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                )

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Dan E. Marshall, Judge
Cause No. 30D02-9211-CF-519

**January 29, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

John Alden ("Alden") appeals the trial court's denial of his petition to reduce his Class D felony conviction for operating while intoxicated to a Class A misdemeanor.

We affirm.

## ISSUE

Whether the trial court erroneously denied Alden's petition.

## FACTS

On October 31, 1992, Deputy Donald Smith ("Deputy Smith") of the Hancock Sheriff's Department saw a blue and white Chevrolet driving erratically along US 40 in Hancock County. When Deputy Smith pulled the vehicle over, he observed Alden in a state of intoxication. On November 2, 1992, Alden was charged with operating while intoxicated as a class D felony. On June 1, 1993, Alden pleaded guilty and was sentenced to 730 days, of which 90 days was to be served on in-home detention and the balance on informal probation.

While Alden was being supervised, the State filed three petitions alleging that he had either failed to appear for a random drug screens or pay his fees. Nevertheless, the record suggests that Alden completed his sentence on August 16, 1995.

On July 13, 2012, Alden filed a petition seeking to reduce his felony conviction to a Class A misdemeanor. In his petition, Alden asserted, among other things, that he had not been convicted of a felony since the completion of his sentence. The trial court

2

scheduled a hearing for August 9, 2012. At that hearing, Alden appeared, with counsel, along with the State. After Alden was sworn, the following colloquy took place:

PROSECUTOR: Mr. Alden you had indicated that you didn't have any felony convict . . .

ALDEN: You will have to speak up sir.

PROSECUTOR: You had indicated you didn't have any felony convictions after this case?

ALDEN: No.

PROSECUTOR: Have you had any misdemeanor convictions?

ALDEN: No. Not that I can think of.

PROSECUTOR: Since 1993 you haven't had any?

ALDEN: Not that I can remember.

PROSECUTOR: Have you been arrested at all since 1993?

ALDEN: Pardon me?

PROSECUTOR: Have you been arrested for anything since 1993?

ALDEN: Uh, not in the State of Indiana no.

PROSECUTOR: Okay in a different State?

ALDEN: Pardon?

PROSECUTOR: In a different State?

ALDEN: Yes sir.

PROSECUTOR: For what?

ALDEN: I was arrested in Illinois, for a DUI.

PROSECUTOR: Um, what year was that?

ALDEN: Uh, 98. 97, 98.

PROSECUTOR: How was the case resolved?

| | |
|---|---|
| ALDEN: | Uh, I did, they just gave me seven days in jail and released me. |
| PROSECUTOR: | Did you plead guilty? |
| ALDEN: | According to my attorney yes sir. I, I did what my attorney advised me to do. |
| PROSECUTOR: | But you [pled] guilty. |
| ALDEN: | Yes. |
| PROSECUTOR: | Okay. I don't have any other questions your honor. |
| COURT: | Any uh, or any re-direct or that's not Re-direct. Any questions for your client? |
| COUNSEL: | Yes your honor. Mr. Alden we met and we went over the Statute as it was revised July 1, 2012 correct? |
| ALDEN: | Correct. |
| COUNSEL: | And you understand that one of the disqualifiers would be a felony conviction since your case was resolved here in Hancock County, correct? |
| ALDEN: | Correct. |
| COUNSEL: | And have you suffered a Felony Conviction since you resolved this case that we are in front of the Court today? |
| ALDEN: | No. |
| COUNSEL: | And are there criminal charges pending against you today? |
| ALDEN: | No. |
| COUNSEL: | Okay thank you. That's all I have. |

(Tr. 7-9). No additional evidence was submitted. At the conclusion of the hearing, the

trial court took the matter under advisement. On August 14, 2012, the trial court denied

Alden's petition.

4

Alden appeals the trial court's denial of his petition. Specifically, Alden argues that his petition should have been granted because there was sufficient evidence to show that he met all of the statutory requirements for reduction of his felony conviction to a misdemeanor. The State argues that the statute in question grants the trial court discretion in deciding whether or not to grant this type of petition. As a result, since Alden had prior probation violations and acknowledged a subsequent conviction for operating while intoxicated, the trial court properly denied Alden's petition.

Effective July 1, 2012, our General Assembly amended the statute covering the sentencing range for Class D felonies by adding the following language:

> (c) Nothwithstanding subsection (a), the sentencing court *may* convert a Class D felony conviction to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (d) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:
>
> (1)   The person is not a sex or violent offender (as defined in IC 11-8-8-5).
>
> (2)   The person was not convicted of a Class D felony that resulted in bodily injury to another person.
>
> (3)   The person has not been convicted of perjury under IC 35-44-2-1 or official misconduct under IC 35-44-1-2.
>
> (4)   At least three (3) years have passed since the person:
>
> (A)   completed the person's sentence; and
>
> (B)   satisfied any other obligation imposed on the person as part of the sentence; for the Class D felony.
>
> (5)   The person has not been convicted of a felony since the person:

        (A)     completed the person's sentence; and

        (B)     satisfied any other obligation imposed on the person as part of the sentence; for the Class D felony.

    (6)     No criminal charges are pending against the person.

Ind. Code § 35-50-2-7(c) (emphasis added).

The interpretation of a statutory scheme is a question of law reserved for the courts. *Garcia v. State*, 979 N.E.2d 156 (Ind. Ct. App. 2012). When determining the legislature's intent, we look at the "plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech." *Id.* at 158. If the word "shall" is used, it is construed as mandatory language creating a statutory right to a particular outcome after certain conditions are met. *Romine v. Gagle*, 782 N.E.2d 369, 379 (Ind. Ct. App. 2003), *trans. denied.* However, the "term 'may' in a statute ordinarily implies a permissive condition and a grant of discretion." *Id.* at 380. A trial court abuses that discretion when its decision is clearly against the logic and effect of the facts and circumstances before it. *An-Hung Yao v. State*, 975 N.E.2d 1273 (Ind. 2012).

It seems clear that the General Assembly has adopted a policy wherein trial courts can reward good behavior by removing the stigma of certain Class D felony convictions. *See State v. Brunner*, 947 N.E.2d 411 (Ind. 2011) (modification of conviction for good behavior may be equitable and desirable, but only after legislature grants authority to courts). However, the language used in the statute does not create a right to the reduction of one's Class D felony conviction to a misdemeanor. The word "may" shows an intent by the legislature to give trial courts the discretion to grant or deny a petition, even if all of the statutory requirements have been met by the Petitioner. While it is best for trial

courts to keep in mind the policy preference of rewarding good behavior with a reduction of a Class D felony conviction to a Class A misdemeanor, trial courts are free to deny a petition as long as the denial is supported by the logic and effect of the facts.

Here, the evidence provides a basis for the trial court's denial of Alden's petition. For example, while Alden completed his sentence, it was not without incident. Three probation violations were filed during the period of his supervision, with an arrest warrant being issued for at least one of those violations. More importantly, the testimony shows reluctance, even evasiveness, on the part of Alden to acknowledge his subsequent arrest and conviction in Illinois for operating while intoxicated. Further, Alden's testimony was the only evidence supporting Alden's assertion that his conviction in Illinois was not a felony. No additional evidence was submitted to corroborate his testimony. We are aware that a significant period of time has passed since Alden's convictions. However, given the lack of additional evidence, the evasiveness, and equivocal nature of Alden's testimony concerning his Illinois conviction, we cannot say that the trial court was unconvinced that the Illinois conviction was indeed a misdemeanor. As a result, we find no abuse of discretion.

Affirmed.

ROBB, C.J., and MAY, J., concur.