**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 24 2014, 5:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN R. WATKINS**
Arata Law Firm
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN SWINEFORD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 90A05-1311-CR-568 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WELLS SUPERIOR COURT
The Honorable Everett Goshorn, Judge
Cause No. 90D01-0708-FD-15

**April 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Bryan Swineford appeals the trial court's denial of his petition to convert his class D felony conviction to a class A misdemeanor. Finding that the trial court acted within its discretion, we affirm.

**Facts and Procedural History**

In 2004, Swineford was convicted of class A misdemeanor operating while intoxicated ("OWI") in Allen County. In 2006, he was convicted in Delaware County of class A misdemeanor OWI endangering a person.[1]

In the predawn hours on August 4, 2007, a Wells County law enforcement officer was arresting two suspects by the roadway. The officer looked up and saw a vehicle approaching. When it became apparent that the vehicle was not going to slow down, the officer grabbed one of the handcuffed suspects and pulled himself and the suspect out of its path. Immediately thereafter, the oncoming vehicle, driven by Swineford, plunged into the officer's parked vehicle, causing it to strike the suspects' vehicle.

When Swineford's vehicle stopped, the officer noticed that Swineford had red, glassy eyes and the strong smell of alcohol. Swineford admitted that he had been drinking, and police found open alcohol containers in his vehicle. Swineford failed three field sobriety tests and registered a blood alcohol content ("BAC") of 0.20.

---

[1] Because Swineford had a previous OWI conviction within five years, his 2006 OWI conviction qualified for treatment as a class D felony under Indiana Code Section 9-30-5-3(a)(1). It is unclear why it was not charged as such.

The State charged Swineford with class D felony operating a vehicle with a BAC of 0.08, class D felony OWI, and class C felony infraction open alcohol container while operating a motor vehicle. The probable cause affidavit specified personal property damage in excess of $10,000. In May 2008, Swineford pled guilty to class D felony operating a vehicle with a BAC of 0.08, and the remaining charges were dismissed. Pursuant to the plea agreement, he was sentenced to two years, with 180 days executed and the remainder suspended to probation. He also was ordered to pay $500 in restitution. He was released from probation in May 2010.

In September 2013, Swineford filed a petition to reduce his class D felony conviction to a class A misdemeanor. The trial court denied his petition following a hearing. He now appeals.

**Discussion and Decision**

Swineford challenges the trial court's denial of his petition to convert his class D felony conviction to a class A misdemeanor. Indiana Code Section 35-50-2-7 states in pertinent part,

> (c) Notwithstanding subsection (a), the sentencing court *may* convert a Class D felony conviction to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (d) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:
>
>> (1) The person is not a sex or violent offender (as defined in IC 11-8-8-5).
>>
>> (2) The person was not convicted of a Class D felony that resulted in bodily injury to another person.

3

(3) The person has not been convicted of perjury under IC 35-44.1-2-1 (or IC 35-44-2-1 before its repeal) or official misconduct under IC 35-44.1-1-1 (or IC 35-44-1-2 before its repeal).

(4) At least three (3) years have passed since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D felony.

(5) The person has not been convicted of a felony since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D felony.

(6) No criminal charges are pending against the person.

(Emphasis added.)

Statutory interpretation is a question of law reserved for the courts. *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied*. In determining legislative intent, we assess the plain language of the statute and attribute the common, ordinary meanings to its terms. *Id*. For instance, if the word "shall" is used, we construe it "as mandatory language creating a statutory right to a particular outcome after certain conditions are met." *Id*. However, where the word "may" is used, it "ordinarily implies a permissive condition and a grant of discretion." *Id*. (citation omitted). In such a case, we review for an abuse of discretion, which occurs only where the trial court's decision is clearly against the logic and

4

effect of the facts and circumstances before it. *Id.*

Here, the parties agree that Swineford has completed his sentence and satisfied the requirements of his probation without incident, that three years have passed since he completed his sentence, that he has not been convicted of a felony since then, and that he is not otherwise disqualified based on the offenses in his criminal history. Notwithstanding, the parties disagree on whether Indiana Code Section 35-50-2-7 requires the trial court to reduce a defendant's conviction from a class D felony to a class A misdemeanor if the defendant has met every requirement on the list. The *Alden* court said no:

> It seems clear that the General Assembly has adopted a policy wherein trial courts *can reward good behavior* by removing the stigma of certain Class D felony convictions …. However, the language used in the statute *does not create a right to the reduction* of one's Class D felony conviction to a misdemeanor. The word "may" shows an intent by the legislature to give trial courts the discretion to grant or deny a petition, *even if* all of the statutory requirements have been met by the Petitioner. While it is best for trial courts to keep in mind the policy preference of rewarding good behavior with a reduction of a Class D felony conviction to a Class A misdemeanor, trial courts are free to deny a petition as long as the denial is supported by the logic and effect of the facts.

983 N.E.2d at 189 (emphases added).

In denying Swineford's petition for reduction, the trial court focused on his accumulation of three "drunk driving" convictions and emphasized that the second conviction could have been entered as a class D felony but was not. Tr. at 9. The court also acknowledged Swineford's six-year tenure with the same company and noted that his felony conviction had not presented a hardship or hindrance to his obtaining employment. *Id.* While the court did not take into account the circumstances surrounding Swineford's most

5

recent conviction for operating a vehicle with 0.08 or greater BAC, we note that nothing in the statute prohibits the court from doing so. In declining to consider those circumstances, the court simply noted that the nature of the offense was "presumably" taken into account during sentencing. *Id.* In this vein, we note that Swineford's plea agreement fixed his sentence at "two (2) years with all but 180 days suspended to be served at the Wells County Jail or Home Detention." Appellant's App. at 91.

Regardless, we find the nature of Swineford's offense to be relevant in assessing the extent of leniency already afforded him. While operating his vehicle in the dark at over twice the legal BAC limit, Swineford struck a police officer's parked vehicle so hard that it struck the vehicle in front of it. But for the officer's expediency in removing himself and a handcuffed suspect from the path of Swineford's vehicle, both he and the suspect could have been struck. Open alcoholic beverage containers were found in Swineford's vehicle. The State originally charged Swineford with two class D felonies and a class C infraction; he eventually pled guilty to one class D felony, and the remaining counts were dismissed. Not only was his 0.20 BAC above the 0.08 limit as charged, but it was also above the 0.15 limit listed for the elevated version of the offense. Ind. Code § 9-30-5-1(b).

In short, though we are mindful of the legislature's policy of rewarding a defendant's good behavior during and after he serves his sentence, we note that Indiana Code Section 35-50-2-7 does not give the defendant a *right* to have his conviction reduced from felony to misdemeanor status. Instead, its plain language evinces the legislature's intent to afford the trial court discretion in making such a determination. Here, Swineford received leniency

6

when his second OWI conviction was entered as a misdemeanor, and in the instant cause, he received leniency in both the charge and the plea agreement. His subsequent good behavior does not automatically entitle him to misdemeanor treatment, especially given his history of three OWI-related offenses within so short a period. He failed to respond positively to previous extensions of leniency, and his offense likely would have had catastrophic consequences but for the officer's quick response. Based on the foregoing, we find no abuse of discretion in the trial court's denial of his petition to reduce his class D felony conviction to a class A misdemeanor. Accordingly, we affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.