FILED

Sep 30 2016, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Duane Herron,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 30, 2016

Court of Appeals Case No.
71A04-1602-CR-306

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1507-F6-480

**Crone, Judge.**

## Case Summary

Duane Herron appeals his conviction for level 6 felony attempted obstruction of justice, following a jury trial. Herron's central assertion on appeal is that the State was unable to present sufficient evidence to establish that he committed attempted obstruction of justice as charged because the State charged him under the wrong part of the obstruction of justice statute. We restate the dispositive issue as whether the trial court erred in denying Herron's motion for directed verdict on that basis. Concluding that the trial court erred, we reverse Herron's conviction for attempted obstruction of justice.[1]

## Facts and Procedural History

The relevant facts indicate that in January 2015, the State charged Herron with level 6 felony battery and class A misdemeanor interference with reporting a crime under cause number 71D08-1501-F6-000017. Jennifer Goble, the woman Herron was dating and living with at the time, was the alleged victim of Herron's crimes and was "listed as the State's witness on the charges filed with the Court." Appellant's App. at 153. Accordingly, the trial court issued a no-contact order preventing Herron from contacting Goble "in person, by telephone or letter, through an intermediary, or any other way, directly or

---

[1] We note that Herron was also convicted of three counts of class A misdemeanor invasion of privacy, but he does not challenge those convictions on appeal. Therefore, those convictions stand.

indirectly…." State's Ex. 2. On January, 27, 2015, Herron's criminal trial was set for March 26, 2015.

[3] On February 11, 2015, Herron contacted Goble by telephone from the St. Joseph County Jail. During that conversation, Herron begged Goble that, if she was subpoenaed to testify at his trial, to just not "remember what happened" and to "please just forget." State's Ex. 3B. Two days later, Herron again telephoned Goble and told her "all you gotta do is not show up for trial" because "if they don't have no witness or no victim, then there's nothing they can charge me with … they don't have no choice but to dismiss the charges." *Id.*

[4] Herron also telephoned Dawn Dalgarn, the mother of his daughter. He directed Dalgarn to go to Goble's house, which she did, to try to get Goble to not testify against him. He instructed Dalgarn, "If you gotta sit there and f**king cry to that girl …. If you gotta pay … whatever … do what you have to do …. Just be nice. Talk to her on a regular basis …. And just, just try to get me out of here man." State's Ex. 4.

[5] On February 24, 2015, the State served Goble with a subpoena to testify at Herron's trial set for March 2015. The trial was subsequently continued and, on June 18, 2015, the trial was reset for August 2015. The State again served Goble with a subpoena to testify.

[6] On July 7, 2015, Herron telephoned Goble from jail and discussed his upcoming trial. During that conversation, because Goble would not really talk

about the trial, Herron attempted to convince her to take him back, telling her that is was not too late to "fix" this, referring to their relationship. State's Ex. 3C. Following that call, Goble received several more calls from the St. Joseph County Jail, but she did not answer those calls.

[7] Thereafter, the State charged Herron with three counts of class A misdemeanor invasion of privacy based upon his phone calls to Goble in violation of the no-contact order, and one count of level 6 felony attempted obstruction of justice based on his attempts to dissuade Goble from testifying as a witness at his criminal trial. A jury trial was held on December 10, 2015. Following the State's presentation of evidence, the defense moved for a directed verdict on the attempted obstruction of justice charge. Specifically, defense counsel argued that the State charged Herron pursuant to the wrong part of the obstruction of justice statute, and therefore the State could not prove its case as charged. The trial court denied the motion. At the conclusion of trial, the jury found Herron guilty on all counts. Herron now appeals his attempted obstruction of justice conviction.

## Discussion and Decision

[8] Herron argues that the State was unable to present sufficient evidence to establish that he committed attempted obstruction of justice as charged because the State charged him under the wrong part of the obstruction of justice statute. Although Herron frames the issue on appeal as a challenge to the sufficiency of the evidence to sustain his conviction, we think that the issue is more properly

framed as whether the trial court erred in denying his motion for a directed verdict.

[9] Indiana Trial Rule 50(A) governs motions for directed verdict, which are also called motions for judgment on the evidence, and provides:

> Where all or some of the issues in a case tried before a jury ... are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

When a defendant moves for judgment on the evidence, the trial court is required to withdraw the issues from the jury if: (1) the record is devoid of evidence on one or more elements of the offense; or (2) the evidence presented is without conflict and subject to only one inference, which is favorable to the defendant. *Garcia v. State*, 979 N.E.2d 156, 157 (Ind. Ct. App. 2012).

[10] Our standard of review on appeal is the same as the trial court in determining the propriety of a judgment on the evidence. *Id*. at 158. We must view the evidence in a light most favorable to the party against whom judgment on the evidence would be entered, and we may not invade the province of the jury by weighing the evidence presented or the credibility of witnesses. *Id.* A defendant's motion for judgment on the evidence should not be granted if the State presents a prima facie case. *Id.*

[11]     The relevant portions of the obstruction of justice statute, Indiana Code Section 35-44.1-2-2, provide as follows:

> (a) A person who:
>
> (1) knowingly or intentionally induces, by threat, coercion, false statement, or offer of goods, services, or anything of value, a witness or informant in an official proceeding or investigation to:
>
> > (A) withhold or unreasonably delay in producing any testimony, information, document or thing;
> >
> > (B) avoid legal process summoning the person to testify or supply evidence; or
> >
> > (C) absent the person from a proceeding or investigation to which the person has been legally summoned;
>
> (2) knowingly or intentionally in an official criminal proceeding or investigation:
>
> > (A) withholds or unreasonably delays in producing any testimony, information, document, or thing after a court orders the person to produce testimony, information, document, or thing;
> >
> > (B) avoids legal process summoning the person to testify or supply evidence; or
> >
> > (C) absents the person from a proceeding or investigation to which the person has been legally summoned;
>
> …
>
> commits obstruction of justice, a Level 6 felony.

[12]   Here, the State charged Herron with attempted obstruction of justice pursuant to Indiana Code Section 35-44.1-2-2(a)(2)(C). Specifically, the charging information alleged:

> On or between January 12, 2015 through July 10, 2015 in St. Joseph County, State of Indiana, [Herron] in an official proceeding, cause 71D08-1501-F6-000017, did knowingly engage in conduct of calling Jennifer Goble and that conduct constituted a substantial step toward absenting Jennifer Goble from a proceeding to which she had been legally summoned. All of which is contrary to the form of the statutes in such cases made and provided by I.C. 35-44.1-2-2(a)(2)(C) and I.C. 35-41-5-1 ….

Appellant's App. at 151. [2]

[13]   Herron argues that subpart (a)(2)(C) of the obstruction of justice statute clearly refers to a defendant in an official criminal proceeding or investigation absenting himself or herself from a proceeding or investigation to which he or she has been legally summoned, while subpart (a)(1)(C) refers to a person inducing a witness or informant in an official proceeding or investigation to absent himself or herself from a proceeding or investigation to which the witness or informant has been legally summoned. Because the State chose to charge him under subpart (a)(2)(C), and because there is no evidence that he attempted to absent himself from his criminal proceeding, he argues that the

---

[2] "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1.

record is devoid of evidence on one or more elements of the offense as charged. Thus, he argues, the trial court should have granted his motion for directed verdict.

[14] The State counters that both statutory provisions simply refer to absenting "the person" from a proceeding or investigation to which the person has been legally summoned, and that "Goble, as a person, clearly fits within the statutory meaning of 'the person' that Herron attempted to absent" pursuant to either subpart. Appellee's Br. at 10-11. The State further asserts that the meaning of the phrase "the person" cannot be limited to a witness or informant in subpart (a)(1)(C) and to the defendant in subpart (a)(2)(C) as Herron suggests, because it would be illogical to presume that the legislature intended for the phrase "the person" to have two different meanings within the same statute. *Id*.

[15] We note that the interpretation of a statute is a question of law reserved for the courts. *Garcia*, 979 N.E.2d at 158. A statute with clear and unambiguous language is not subject to judicial interpretation. *Id*. We simply give effect to the plain and ordinary meaning of the statute's language, heeding both what it "does say" and what it "does not say." *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003).

[16] We find the statutory language at issue here, when read as a whole and in context, to be unambiguous. Indiana Code Section 35-44.1-2-2(a)(1)(C) provides that a person who knowingly or intentionally induces, by threat, coercion, or other listed means, "a witness or informant in an official

proceeding or investigation to … absent *the person* from a proceeding or investigation to which the person has been legally summoned" commits obstruction of justice. (Emphasis added.) Subpart (a)(2)(C) makes no similar reference to a witness or informant, but provides that a person who knowingly or intentionally in an official criminal proceeding or investigation "absents *the person* from a proceeding or investigation to which the person has been legally summoned" commits the same crime. Ind. Code § 35-44.1-2-2(a)(2)(C) (emphasis added). The phrase "the person" as used in subpart (a)(1)(C) clearly refers to absenting a witness or informant from a proceeding or investigation to which the witness or informant has been legally summoned, while the same phrase used in subpart (a)(2)(C) clearly refers to a person absenting himself or herself from a proceeding or investigation to which he or she has been legally summoned.[3]

[17]     In asserting that it would be illogical to presume that the legislature intended for the phrase "the person" to have two different meanings within the same statute, the State ignores what part (a)(1) "does say" and what part (a)(2) "does not say." As noted above, part (a)(1) specifically refers to a witness or informant, and part (a)(2) does not. Certainly, our legislature would have included a reference to a witness or informant in part (a)(2) if it intended for that part to also apply to a witness or informant. In short, the plain language of subpart

---

[3] Our pattern criminal jury instructions regarding obstruction of justice lend ample support to this meaning of the above-referenced statutory language. *See* Ind. Pattern Criminal Jury Instructions Nos. 5.1600 and 5.1620.

(a)(1)(C) criminalizes the act of coercing a witness or informant to be absent from a proceeding, while the plain language of subpart (a)(2)(C) criminalizes the personal act of being absent from a proceeding. These are two distinct crimes.[4]

[18] Accordingly, we agree with Herron that "the person" as used in Indiana Code Section 35-44.1-2-2(a)(2)(C) refers only to a person absenting himself or herself from a proceeding or investigation to which the person has been legally summoned. Because the State chose to charge Herron pursuant to subpart (a)(2)(C), and because there is no evidence that Herron attempted to absent himself from his criminal proceeding, the record is devoid of evidence on one or more elements of the charged offense.[5] Therefore, the trial court erred in denying Herron's motion for a directed verdict. His conviction for attempted obstruction of justice is reversed.

---

[4] On a similar note, when considering a prior version of our criminal confinement statute, Indiana Code Section 35-42-3-3, our supreme court held that the State could not charge a defendant under part (a)(1) of the statute but obtain a conviction based solely on proof under part (a)(2), or vice versa, because the two parts state two different crimes. *Kelly v. State,* 535 N.E.2d 140, 141-42 (Ind. 1989) (citing *Addis v. State,* 404 N.E.2d 59, 60-61 (Ind. Ct. App. 1980)).

[5] Even had the State charged Herron with attempted obstruction of justice for attempting to absent Goble pursuant to subpart (a)(1)(C) of the statute, a directed verdict still would have been warranted. The record is devoid of evidence that Herron attempted to induce Goble by "threat, coercion or false statement" to be absent from his criminal trial to which she had been legally summoned. *See Brown v. State*, 859 N.E.2d 1269, 1271 (Ind. Ct. App. 2007) (explaining the definition of threat or coercion in the context of obstruction of justice), *trans. denied*.

Reversed.

Kirsch, J., and May, J., concur.