

FILED

Sep 27 2023, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| B.T., <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | September 27, 2023 <br><br> Court of Appeals Case No. 23A-XP-636 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Michael A. Christofeno, Judge <br> The Honorable Elizabeth A. Bellin, Magistrate <br><br> Trial Court Cause No. 20C01-2209-XP-116 |

**Opinion by Judge Weissmann**
Chief Judge Altice and Judge Kenworthy concur.

**Weissmann, Judge.**

[1] B.T. molested his sisters for four years beginning when he was 10 years old. When he was 23, B.T. petitioned to expunge the juvenile delinquency and child welfare records documenting the molestations after the records derailed his employment as a teacher. Although the trial court expunged the juvenile delinquency records, it denied B.T.'s motion to expunge the child welfare records substantiating his molestations.

[2] B.T. appeals that judgment, contending Indiana's expungement requirements should differ depending on whether the substantiated offense was committed by a child or by an adult. As the expungement statute at issue already includes such a distinction, we affirm.

## Facts

[3] From age 10 to 14, B.T. continuously molested his sisters, who, respectively, were about 3 and 5 years younger than he was. After one sister reported the molestations, which included anal and oral sex, B.T. was adjudicated a delinquent for an act that, if committed by an adult, would constitute Class A felony child molesting. The juvenile court placed B.T. on probation, during which he repeatedly failed polygraph examinations designed to unveil his sexual history. B.T. later acknowledged deceit but only for one of his failed examinations.

[4] The terms of B.T.'s probation also included therapy. B.T. reported to his therapist that he was engaging in sexual fantasies about an eighth grader who

was not his sister. B.T. did not successfully complete therapy before being discharged from probation and beginning college. He later blamed his sexual misconduct partly on his "very high desire for sexual activity." Tr. Vol. II, pp. 35-36.

[5] The revelation of the molestations also led to a parallel investigation by the Indiana Department of Child Services (DCS). As part of the investigation into whether B.T.'s sisters were children in need of services, DCS substantiated the allegations of child molesting.

[6] B.T. graduated from college and obtained a teaching job at a high school, but the school fired him after a background check detected DCS's substantiation. Over objection of both the prosecutor and DCS, B.T. petitioned to expunge the records of both his juvenile adjudication and DCS's substantiation.

[7] After an evidentiary hearing, the trial court expunged the juvenile adjudication, but not DCS's substantiation. The court determined that B.T. had failed to prove the statutory requirements for expungement of DCS's records. B.T. appeals that judgment.

## Discussion and Decision

[8] B.T. essentially contends the trial court erroneously applied Indiana Code § 31-33-27-5 (expungement statute), which governs expungement of DCS's substantiation records. This statute authorizes the trial court to grant expungement if it "finds, by clear and convincing evidence, that: (1) there is little likelihood that the petitioner will be a future perpetrator of child abuse or

neglect; and (2) the information has insufficient current probative value to justify its retention in records of the department for future reference." Ind. Code § 31-33-27-5(f).[1]

[9] We review the trial court's expungement ruling for an abuse of discretion. *R.M. v. Ind. Dep't of Child Servs.*, 203 N.E.3d 559, 563 (Ind. Ct. App. 2023). "A trial court abuses that discretion when its decision is clearly against the logic and effect of the facts and circumstances before it or when the trial court misinterprets the law." *Id.* In reaching this determination, we neither reweigh evidence nor assess witness credibility. *Id.* (citing *Samples v. Wilson*, 12 N.E.3d 946, 950 (Ind. Ct. App. 2014)).

[10] In denying B.T.'s expungement petition as to the DCS records, the trial court found insufficient evidence of the second statutory requirement: that the information has insufficient current probative value to justify its retention in DCS records for future reference. B.T. does not challenge that specific conclusion. Instead, he argues that the General Assembly must have intended a more lenient standard for expungement of offenses committed by a juvenile than those committed by an adult, given the greater rehabilitative goals of the juvenile system. B.T. views the expungement statute as "silent regarding the

---

[1] Expungements of juvenile delinquency records are governed by different statutes, with a different burden of proof. *See* Ind. Code § 31-39-8 *et seq.* Among other things, petitioners seeking to expunge juvenile delinquencies, unlike petitioners seeking to expunge DCS substantiations, need not prove that the records at issue have insufficient probative value to justify their retention. *See id.* B.T. does not focus specifically on the statutory peculiarities of disallowing expungement of the DCS substantiation records when the arguably more conclusive juvenile delinquency records are expungable.

distinction between substantiated reports that relate to juveniles or adults." Appellant's Br., p. 11.

[11] Statutory interpretation is a question of law reserved for the courts. *G.E. v. Ind. Dep't of Child Servs.*, 29 N.E.3d 769, 771 (Ind. Ct. App. 2015). "When determining the legislature's intent, we look at the 'plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech.'" *Id.* (quoting *Garcia v. State*, 979 N.E.2d 156, 158 (Ind. Ct. App. 2012)).

[12] In support of his claim for a new interpretation of the expungement statute, B.T. largely relies on our Supreme Court's decision in *In re K.G.*, 808 N.E.2d 631 (Ind. 2004). The *K.G.* Court determined the legislature did not intend to apply the criminal court competency procedures to juvenile proceedings. But the linchpin of that decision was the juvenile code's silence on competency matters. *Id.* at 637-38.

[13] Here, the expungement statute is found within the juvenile code and, contrary to B.T.'s contention, specifically distinguishes between juvenile and adult perpetrators. When the expungement petitioner was a juvenile at the time of the offense, the court may review "the factors listed in IC 31-39-8-3 in relation to the petitioner, if the substantiated report was the subject of a juvenile court case." Ind. Code § 31-33-27-5(e)(1). And Indiana Code § 31-39-8-3 specifies factors to be considered in juvenile delinquency or child in need of services expungement proceedings. These factors include the child's age at the time of the offense, the child's best interests, and various other considerations

specifically relating to the underlying juvenile proceeding. Indiana Code § 31-39-8-3(e).

[14] Through this overlap between the expungement statute and Indiana Code § 31-39-8-3, the legislature has ensured the same factors considered in juvenile delinquency expungement proceedings also are considered in expungements of DCS-substantiated juvenile offenses. Conversely, those statutory provisions do not authorize those factors to be considered in proceedings under the expungement statute when the substantiated offense was committed by an adult.

[15] As the expungement statute already incorporates the very distinction between adult and juvenile offenses that B.T. advocates, B.T. offers no persuasive basis for reversing the trial court's denial of his request to expunge the DCS records. Accordingly, we affirm the trial court's judgment.

Altice, C.J., and Kenworthy, J., concur.